Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| REDMANE TECHNOLOGY, LLC. Recurrente v. DEPARTAMENTO DE SALUD, PROGRAMA DE MEDICAID DE PUERTO RICO; D2SOL, INC.; ET ALS. Recurrido | TA2026RA00312 | APELACIÓN procedente del Departamento de Salud Caso núm. RFP: 2024-PRMP-MES-EE-004 Sobre: Reconsideración de Adjudicación de propuesta **Se acoge como REVISIÓN JUDICIAL** |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece ante este tribunal apelativo, RedMane Technology, LLC (RedMane o recurrente) mediante el recurso de *Revisión Judicial* de epígrafe solicitándonos que revisemos la tercera *Award Notification* (*Notificación de Adjudicación*) del *Request For Proposal* (RFP) Núm. 2024-PRMP-MES-EE-004, para la Adquisición del Sistema Informático de Elegibilidad e Inscripción del Programa Medicaid de Puerto Rico emitida por el Departamento de Salud de Puerto Rico (DSPR o recurrida), el 19 de mayo de 2026, notificada el día siguiente. Mediante este dictamen, el DSPR le otorgó la buena pro a D2Sol, Inc. (D2Sol).

Por los fundamentos que expondremos a continuación, declaramos *Ha Lugar* a las solicitudes de desestimación presentadas por D2Sol y el DSPR; y en su consecuencia, desestimamos el presente recurso ante la falta de jurisdicción. Asimismo, dejamos sin efecto la paralización de los procedimientos.

**I.**

El 22 de julio de 2024, el DSPR publicó el aviso intitulado *Puerto Rico Medicaid Program Eligibility and Enrollment System Takeover Request for Proposal*, 2024-PRMP-MES-EE-004, para la selección de un proveedor cualificado para la administración del Sistema Informático de Elegibilidad e Inscripción del Programa Medicaid de Puerto Rico (sistema *Cúram E&E*).[1] Como resultado de la convocatoria, participaron los siguientes licitadores:

> Trillian Technologies, Inc.
> D2Sol, Inc.
> RedMane Technology, LLC

Advertimos que el primer *Award Notification* emitido por el DSPR, el 14 de noviembre de 2024, fue declarado inoficioso por esta *Curia* en el caso KLRA202400705.

Posteriormente, el 11 de febrero de 2025, el DSPR emitió un segundo *Award Notification* el cual fue nuevamente declarado defectuoso en la *Sentencia* emitida el 8 de agosto de 2025, por un Panel hermano bajo el caso núm. KLRA202500195, desestimándose el recurso por falta de jurisdicción. Para un mejor entendimiento de los trámites procesales previos a la notificación de adjudicación que nos ocupa, nos remitimos al tracto procesal y fáctico allí esbozado.

El 25 de abril de 2025, RedMane presentó un *Recurso de Certiorari* ante el Tribunal Supremo impugnando lo determinado por esta *Curia*. La referida controversia, fue acogida por el más alto foro y resuelta el 10 de abril de 2026, en el caso *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.*, 2026 TSPR 37, 218 DPR ___, (2026).

En la referida opinión, el Tribunal Supremo confirmó la *Sentencia* del Tribunal de Apelaciones. A su vez, el más alto foro

---

[1] En el presente recurso no se incluyó el Aviso de Propuesta, sino que tomamos conocimiento judicial de los hechos por relacionarse con el caso presentado ante esta *Curia* KLRA202500195 y el KLRA202400705.

aclaró la norma aplicable en materia de notificaciones pertinentes a adjudicaciones en proceso de licitación pública –específicamente en licitaciones no reguladas bajo la Ley núm. 73-2019, *Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019*, 3 LPRA sec. 9831 *et seq.*–, delineó los procesos a seguir por las agencias; así como ordenó al DSPR a notificar por **tercera ocasión** la adjudicación de la buena pro conforme a lo allí establecido jurisprudencialmente **sin necesidad de esperar por el mandato**.

Ahora bien, en lo pertinente, el Tribunal Supremo estableció que:

> Conforme a lo previamente esbozado, en los procedimientos de licitación pública que no sean regulados por la Ley Núm. 73-2019, supra, será defectuosa toda notificación que no advierta a las partes sobre su derecho a presentar: (1) una solicitud de reconsideración ante la agencia cuando así lo disponga su reglamentación aplicable, dentro del término de diez días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico de la adjudicación del proceso, lo que ocurra primero; y (2) un recurso de revisión judicial ante el Tribunal de Apelaciones dentro del término jurisdiccional de veinte días calendario, contados a partir de la notificación de la adjudicación de la solicitud de reconsideración ante la agencia o cuando venza el término de esta para acogerla, lo que ocurra primero.
>
> Por analogía, los términos para atender la moción de reconsideración serán los mismos que establece la Sección 3.19 de la LPAU,18 supra, para el recurso de revisión administrativa ante la Junta Revisora. 3 LPRA sec. 9659. En el caso de que el foro administrativo no provea para el recurso de reconsideración ante sí, el término jurisdiccional de veinte días calendario para solicitar revisión judicial ante el TA comenzará a cursar a partir del depósito en el correo federal o la notificación por correo electrónico de la adjudicación del proceso de licitación pública, lo que ocurra primero.[2]

De igual forma, en su nota al calce número 17, el alto foro expresó que:

> En el caso ante nos, el 21 de diciembre de 2023, el DSPR promulgó la Orden Administrativa Núm. OA-581 con el propósito de establecer los procedimientos aplicables a la contratación de servicios profesionales por la cantidad de $150,000 o más en un mismo año

---

[2] *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.*, 2026 TSPR 37, a las págs. 35-36, 218 DPR ___, (2026).

fiscal. Mediante esta, dispuso los requisitos de contenido que debía incluir toda notificación de adjudicación en estos procesos, incluyendo lo pertinente al apercibimiento sobre el derecho a revisión, "conforme a lo establecido... en la LPAU". No obstante, esta orden administrativa fue promulgada antes de las enmiendas de la Ley Núm. 48-2024, por lo que el texto de la misma alude estar basada en una versión de la LPAU, supra, que ya no está en vigor, y dispone unos términos incongruentes con la legislación vigente.

Corolario de lo anterior, el 14 de abril de 2026, el DSPR promulgó la Orden Administrativa núm. 2026-637 intitulada *Para Enmendar la Orden Administrativa núm. 581 de 21 de diciembre de 2023 sobre los Procedimientos Aplicables a la Contratación de Servicios Profesionales y Consultivos, Estableciendo Nuevos Términos para Solicitar Revisión de la Adjudicación.* Mediante esta, el DSPR determinó enmendar y actualizar los términos aplicables a la reconsideración administrativa y a la revisión judicial de las adjudicaciones de las solicitudes de propuestas (RFP). Ello, con la intención de atemperar la misma a lo resuelto por el Tribunal Supremo.

La referida Orden Administrativa estableció que, sobre el apercibimiento sobre el derecho a la revisión, conforme a lo establecido en la Ley Núm. 38-2017, *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9601, *et seq.,* leerá de la siguiente manera:

> La parte adversamente afectada por una determinación final del Departamento de Salud en un proceso de solicitud de propuestas, **podrá presentar una solicitud de revisión administrativa dentro de los diez (10) días calendario**, contados a partir [de la fecha] del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, conforme la Sección 3.19 de la Ley 38-2017, 3 L.P.R.A. § 9659. El Departamento de Salud deberá determinar si acoge o no **la solicitud de revisión administrativa**, dentro de los diez (10) días calendario de haberse presentado. Si dentro de ese término, el Departamento de Salud determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. El Departamento de Salud podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario. Si se tomare alguna determinación en la

revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, una copia de la notificación de la decisión del Departamento de Salud adjudicando la solicitud de revisión administrativa.

Si el Departamento de Salud dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos aquí dispuestos, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. **La presentación del recurso de revisión administrativa ante el Departamento de Salud será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.** La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante el Departamento de Salud, o a cuando venza el término que tenía el Departamento para determinar si acogía o no la solicitud de revisión administrativa. [Énfasis nuestro]

Así las cosas, el 19 de mayo de 2026, notificado al día siguiente, el DSPR emitió, por tercera ocasión, el *Award Notification* del RFP núm. 2024-PRMP-MES-EE-004. En este, nuevamente adjudicó la buena pro a favor de D2Sol e incluyó las siguientes advertencias relacionadas a la reconsideración ante el Departamento de Salud:

VI. ADMINISTRATIVE AND JUDICIAL REVIEW- TERMS

A- ADMINISTRATIVE REVIEW (3 L.P.R.A. §9659)

The party adversely affected by a final determination of the **Department of Health** in a request **for proposals process may file a request for administrative review within ten (10) calendar days** from the date of deposit in the federal mail or notification by email, whichever occurs first, pursuant to Section 3.19 of Act 38-2017, 3 L.P.R.A. §9659. The **Department of Health** must determine whether or not to accept the request for administrative review within ten (10) calendar days of its filing. If, within that period, the **Department of Health** decides to accept the request, it will have an additional thirty (30) calendar days to adjudicate it, counted from the expiration of the ten (10) calendar days it had to determine whether or not to accept it. The **Department of Health** may extend the thirty 30) calendar day period once, for an additional fifteen (15) calendar days. If a determination is made in the administrative review, the time limit for filing a judicial

review before the Court of Appeals will begin to run from the date on which a copy of the notification of the **Department of Health's** decision adjudicating the request for administrative review was deposited in the federal mail or served by email, whichever occurs first.

If the **Department of Health** fails to take any action regarding the administrative review within the time limits established herein, it shall be deemed to have been summarily dismissed, and the time limit for filing a judicial review shall begin to run from that date. **Filing an administrative review with the Department of Health is a jurisdictional requirement before filing a judicial review with the Court of Appeals.** The adversely affected party shall have a jurisdictional term of twenty (20) calendar days to file a judicial review with the Court of Appeals, counted from the date of deposit in the federal mail or the date the determination is sent by email, whichever occurs first, either from the adjudication of the administrative review request before the **Department of Health**, or from the expiration of the term the Department had to determine whether or not to grant the administrative review request.

En desacuerdo con la determinación arribada, el **1 de junio de 2026, RedMane presentó, ante el DSPR, un escrito en el que solicitó la reconsideración de la tercera notificación de adjudicación del RFP**. **Conforme a la normativa regente el DSPR, tenía hasta el 11 de junio posterior para determinar si acogía o no el petitorio reconsideratorio.**

No obstante, el **9 de junio de 2026**, RedMane acudió ante este foro intermedio mediante el recurso de epígrafe imputándole a la agencia haber incurrido en los siguientes errores:

> ERRÓ EL DEPARTAMENTO DE SALUD AL EMITIR UNA TERCERA NOTIFICACIÓN DE ADJUDICACIÓN DE MANERA PREMATURA YA QUE QUEDABAN PENDIENTES DOS RECURSOS DE REVISIÓN JUDICIAL DE LOS PRIMEROS DOS AWARD NOTIFICATION POR ADJUDICARSE DE FORMA FINAL ANTE EL TRIBUNAL SUPREMO DE PUERTO RICO.

> ERRÓ EL DEPARTAMENTO DE SALUD AL EMITIR UNA TERCERA NOTIFICACIÓN DE ADJUDICACIÓN QUE INCUMPLE LAS EXIGENCIAS ESTABLECIDAS POR LA LEY DE PROCEDIMIENTO ADMINISTRATIVO UNIFORME, LA LEY NÚM. 73-2019 Y LA OPINIÓN EMITIDA POR EL TRIBUNAL SUPREMO DE PUERTO RICO EN REDMANE TECHNOLOGY, LLC V. DEPARTAMENTO DE SALUD, 2026 TSPR 37.

> ERRÓ EL PROGRAMA MEDICAID DEL DEPARTAMENTO DE SALUD AL ADJUDICAR LA BUENA PRO DEL RFP NÚM. 2024-PRMP-MES-EE-004 A D2SOL, INC., AUN CUANDO DICHO PROPONENTE NO CUMPLÍA CON LOS REQUISITOS MANDATORIOS,

DE ELEGIBILIDAD, RESPONSABILIDAD Y RESPONSIVIDAD EXIGIDOS POR EL RFP Y POR LA NORMATIVA APLICABLE.

ERRÓ EL PROGRAMA MEDICAID DEL DEPARTAMENTO DE SALUD Y EL COMITÉ EVALUADOR AL EVALUAR LAS PROPUESTAS, APLICAR LOS CRITERIOS DE ADJUDICACIÓN Y ADJUDICAR LA BUENA PRO DEL RFP NÚM. 2024-PRMP-MES-EE-004 A D2SOL, INC. DE FORMA ILEGAL, IRRAZONABLE, ARBITRARIA, CAPRICHOSA, CONSTITUTIVA DE ABUSO DE DISCRECIÓN Y CARENTE DE EVIDENCIA SUSTANCIAL EN EL EXPEDIENTE ADMINISTRATIVO.

ERRÓ EL PROGRAMA MEDICAID DEL DEPARTAMENTO DE SALUD AL EMITIR UNA ADJUDICACIÓN QUE NO SE ENCUENTRA SUSTENTADA POR EVIDENCIA SUSTANCIAL EN EL EXPEDIENTE ADMINISTRATIVO Y AL FUNDAMENTAR PARTE DE SUS DETERMINACIONES EN ANÁLISIS CUYA BASE DOCUMENTAL NO SURGE CLARAMENTE DE LOS DOCUMENTOS PRODUCIDOS A REDMANE.

La recurrente acompañó con su recurso una moción en auxilio de jurisdicción solicitando la paralización de los procedimientos ante la agencia. El 10 de junio de 2026, emitimos una *Resolución* en la que, entre otros asuntos, declaramos *Ha Lugar* a la moción en auxilio de jurisdicción, ordenando la paralización de los procedimientos. Además, le concedimos a la parte recurrida hasta el 12 de junio para presentar su alegato.

Ese mismo día, 10 de junio de 2026, D2Sol presentó un escrito intitulado *Moción de Desestimación*. Arguyó que el recurso de RedMane se presentó de manera prematura toda vez que, mientras la agencia conservaba jurisdicción, la parte recurrente presentó ante la consideración del DSPR una *Moción de Reconsideración y Solicitud de Revisión Administrativa*, por lo que no existía en ese momento una determinación final revisable ante esta *Curia*.

Al siguiente día, 11 de junio de 2026, D2Sol presentó una *Moción de Reconsideración Parcial*, en la que nos solicitó reevaluar la *Resolución* emitida el 10 de junio, específicamente en lo relacionado a la orden de paralización de los procedimientos.

El 12 de junio de 2026, emitimos una *Resolución* ordenándole a RedMane a expresarse en o antes del 16 de junio sobre la *Moción*

*de Reconsideración Parcial* presentada por D2Sol. Ese mismo día, el DSPR presentó una *Moción de Desestimación* en el que fundamentó su petitorio en la falta de jurisdicción de este foro revisor por prematuridad de la controversia, ya que la presentación de la solicitud de reconsideración de RedMane interrumpió el término para recurrir en revisión judicial.

El 12 de junio, según ordenado, RedMane presentó una *Oposición a Moción de Desestimación* presentada por D2Sol. Arguyó que las advertencias sobre la revisión administrativa y reconsideración de la agencia, en la tercera *Notificación de Adjudicación*, no cumplía con los parámetros establecidos por el Tribunal Supremo. Añadió que "la notificación introduce un esquema confuso que mezcla reconsideración y revisión administrativa, sin clarificar su relación y las consecuencias procesales".

El 15 de junio de 2026, RedMane presentó una *Oposición a Moción de Reconsideración Parcial.* En atención a la decisión arribada, explicada más adelante, declaramos *Nada que proveer* a la *Moción de Reconsideración Parcial* presentada por D2Sol.

Finalmente, el 22 de junio, RedMane presentó una *Oposición a Moción de Desestimación del DSPR.* En esta, reafirmó su posición sobre que el apercibimiento incumplía los parámetros y añadió que, de todos modos, al día de hoy el término ya transcurrió sin que la agencia respondiera, por lo que esto quedó subsanado.

Analizados los escritos de las partes, en específico, las solicitudes de desestimación y su oposición, procedemos a desestimar el presente recurso por falta de jurisdicción ante su presentación prematura.

**II.**

**Jurisdicción**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal <u>antes de que el asunto esté listo para su adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún

efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 116-117, 215 DPR ___, (2025), lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

De otra parte, nuestro Tribunal Supremo tuvo la oportunidad de analizar recientemente los estatutos y la jurisprudencia que gobierna las revisiones de las adjudicaciones de subastas, formales e informales, en Puerto Rico. En este sentido, el más alto foro señaló que la LPAUG es el estatuto rector que gobierna y busca uniformar los procedimientos ante las agencias, estableciendo las pautas mínimas que deben garantizar los foros administrativos. *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.*, 2026 TSPR 37, 218 DPR ___, (2026); *St. James Sec. v. AEE*, 213 DPR 377 (2023) *ACT v. Prosol et als.*, 210 DPR 897, 907 (2022).

En cuanto a los mecanismos de impugnación, el Tribunal Supremo señaló que la LPAUG establece un esquema escalonado que contempla la moción de reconsideración, la revisión administrativa –cuando aplica– y, finalmente, la revisión judicial. *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.*, supra. Este diseño responde a la política pública de procurar justicia

y economía procesal, evitando que los tribunales intervengan prematuramente en asuntos que las agencias tienen la oportunidad de corregir. *Íd.*; SLG Saldaña-Saldaña v. Junta, 201 DPR 615, 622 (2018). De igual forma, reiteró lo establecido en *St. James Sec. v. AEE*, supra, respecto a que las Secciones 3.19 y 4.2 de la LPAUG rigen los procedimientos actuales para la revisión de las adjudicaciones de los RFP.

Por su parte, la Sección 3.19 de la LPAUG, 3 LPRA sec. 9659, ***Procedimiento y término para solicitar reconsideración en la adjudicación de subastas***, establece, en lo atinente, que:

[…]

La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.

Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales

> será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.
>
> La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales, o cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa.

Relativo a lo anterior, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, preceptúa que:

> En los casos de impugnación de procesos de licitación pública, la parte adversamente afectada por una orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones dentro de un término de veinte (20) días calendario contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales o dentro del término de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley. La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación del proceso de licitación pública impugnado.

Ahora bien, en *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.,* supra, el Tribunal Supremo reconoció que existía un vacío en la aplicación de ambas secciones de la LPAUG a los procesos de licitación pública sobre servicios profesionales que se ejecutan en las agencias.[3] Esto, debido a que razonó, que la Legislatura, mediante la Ley núm. 73-2019, excluyó a la Junta Revisora de la Administración de Servicios Generales (ASG) para revisar adjudicaciones de procesos de licitación pública de servicios profesionales realizadas por las agencias.

---

[3] Mediante la Ley núm. 73-2019 el Gobierno de Puerto Rico pretendió centralizar las compras y los procesos de licitación en aras de disminuir –hasta erradicar– la malversación de fondos al utilizar una sola cartera y fortalecer, a través de esta, la capacidad gubernamental para comprar al por mayor y abaratar los costos con relación a los procesos de compras y de contratación no profesional. Véase, *Exposición de Motivos*. La precitada ley no le concedió facultades a la ASG para conducir los procesos de licitación profesional de las agencias.

Por ende, en *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.,* supra, el más alto foro resolvió eliminar el requisito jurisdiccional de agotamiento de remedios ante la Junta Revisora de la ASG. Ello, cuando se intente impugnar la adjudicación de un proceso de licitación pública no regulado por la Ley núm. 73-2019. No obstante, para dichas impugnaciones el Tribunal Supremo preservó el proceso de reconsideración ante las agencias.

A tenor con lo anterior, en dicho caso la más alta *Curia* estableció que:[4]

> [...]
>
> En específico, decretamos que en situaciones que no estén reguladas por esta ley [Ley Núm. 73-2019], como lo son los procedimientos de licitación pública por servicios profesionales, los foros administrativos pertinentes podrán formular reglamentación a los efectos de proveerle la oportunidad de solicitar reconsideración ante sí a toda parte adversamente afectada, dentro de los términos provistos por la Sección 3.19, siempre y cuando su ley habilitadora se lo permita.
>
> Conforme a lo previamente esbozado, en los procedimientos de licitación pública que no sean regulados por la Ley Núm. 73-2019, *supra,* será defectuosa toda notificación que no advierta a las partes sobre su derecho a presentar: (1) una solicitud de reconsideración ante la agencia cuando así lo disponga su reglamentación aplicable, dentro del término de diez días calendario, contados a partir del depósito en el correo federal o la notificación por correo electrónico de la adjudicación del proceso, lo que ocurra primero; y (2) un recurso de revisión judicial ante el Tribunal de Apelaciones dentro del término jurisdiccional de veinte días calendario, contados a partir de la notificación de la adjudicación de la solicitud de reconsideración ante la agencia o cuando venza el término de esta para acogerla, lo que ocurra primero. Por analogía, los términos para atender la moción de reconsideración serán los mismos que establece la Sección 3.19 de la LPAU, *supra,* para el recurso de revisión administrativa ante la Junta Revisora. 3 LPRA sec. 9659. En el caso de que el foro administrativo no provea para el recurso de reconsideración ante sí, el término jurisdiccional de veinte días calendario para solicitar revisión judicial ante el TA comenzará a cursar a partir del depósito en el correo federal o la notificación por correo electrónico de la adjudicación del proceso de licitación pública, lo que ocurra primero.

---

[4] Nota al calce número 17 omitida. Véase, la transcripción en la página 4 de esta *Sentencia.*

Por otro lado, el requisito de notificación, como parte del debido proceso de ley, es indispensable para que nuestros tribunales puedan comenzar a contar el término para recurrir de la determinación y adquirir jurisdicción. De manera que, se requiere que la notificación de las órdenes, resoluciones y sentencias sea de forma adecuada y conforme a derecho. *Berríos Fernández v. Vázquez Botet*, 196 DPR 245, 250 (2016). Ello es así, ya que la falta de una notificación adecuada de cualquier resolución, orden o sentencia afecta el derecho de una parte a recurrir la resolución, orden o sentencia dictada, **enervando así las garantías del debido proceso de ley**. *Caro v. Cardona*, 158 DPR 592, 599 (2003); *Falcón Padilla v Maldonado Quirós*, 138 DPR 983, 990 (1995).

Sobre esto, la Sección 3.19 de la LPAUG, 3 LPRA sec. 9659, establece que la notificación de la adjudicación del proceso de licitación pública deberá incluir las garantías procesales relativas a los fundamentos para la adjudicación y **el derecho y los términos para solicitar revisión administrativa**. Ello incluye las reconsideraciones y las revisiones judiciales, según hemos expuesto. Las agencias administrativas, tendrán que emitir sus notificaciones de manera simultánea y utilizando el mismo método de notificación para todas las partes. *Íd.*

Así, una notificación de una determinación por una agencia deberá advertir el derecho **a todas las partes** a solicitar reconsideración ante la agencia, o a instar un recurso de revisión judicial ante el Tribunal de Apelaciones, con expresión de los términos jurisdiccionales que tienen las partes para ejercer dicho derecho. *Comisión Ciudadanos v. GP Real Property*, 173 DPR 998, 1014 (2008).

### III.

Conforme con los pronunciamientos antes vertidos, nos corresponde, en primera instancia, previo a entrar a considerar los

méritos del recurso, atender el asunto relativo a la jurisdicción debido a que el mismo debe ser resuelto con preferencia a cualquier otra cuestión. Esto, en especial, cuando fuera solicitado y luego de analizar los argumentos de las partes.

En este sentido, como mocionamos, tenemos ante nuestra consideración dos (2) mociones de desestimación presentadas por D2Sol y el DSPR. En esencia, ambas partes arguyeron que RedMane incidió al presentar el recurso de manera prematura ante nuestra consideración, toda vez que el término para acudir en alzada fue debidamente interrumpido por la interposición de una *Solicitud de Reconsideración y una Solicitud de Revisión Administrativa* ante el DSPR. Por lo que, señalaron que la recurrente acudió ante este foro intermedio sin haber transcurrido el plazo de diez (10) días que tiene el DSPR para determinar si acoge o no el petitorio.

Por su parte, RedMane adujo en su oposición, en síntesis, que ni el DSPR ni D2Sol citaban una ley, reglamento u otra autoridad jurídica que confiriera a la agencia facultad o jurisdicción para establecer un proceso de revisión. Sostuvo que la única disposición a la que se hizo referencia fue a la Sección 3.19 de la LPAUG, *supra*, que, a su entender, "por sus términos no es completamente aplicable".[5] Añadió que las advertencias sobre la revisión administrativa y judicial, en la tercera *Notificación de Adjudicación,* no cumplió con los parámetros establecidos por el Tribunal Supremo. Por el contrario, indicó que se estableció un esquema revisor incompatible con dicho mandato.

Al respecto, RedMane señaló que la notificación presume la disponibilidad de una revisión administrativa ante la agencia sin identificar reglamentación válida que la autorice, mucho menos se refiere al mecanismo de la reconsideración, en contravención a lo

---

[5] SUMAC TA, Entrada núm. 13, a la pág. 4.

expresamente reconocido por el Tribunal Supremo. Por tanto, razonó que no estaba obligada a agotar remedio ante la agencia. Aun así, **el 1 de junio de 2026**, se sometió al proceso de revisión de la adjudicación ante la agencia.

Como explicamos anteriormente, en *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.*, supra, el Tribunal Supremo tuvo la oportunidad de resolver y de aclarar lo concerniente a las notificaciones de adjudicación de procesos de licitación pública de servicios profesionales y; en específico, sobre el apercibimiento de los términos para revisar la determinación ante la agencia y mediante recurso de revisión judicial ante el Tribunal de Apelaciones.

En este sentido, reiteramos que allí el más alto foro judicial expresó lo siguiente:

> Por consiguiente, resolvemos que, cuando se trate de impugnar la adjudicación de un proceso de licitación pública no regulado por la Ley Núm. 73-2019, supra, el recurso de revisión administrativa ante la Junta Revisora de la ASG no será un requisito jurisdiccional para acudir al Tribunal de Apelaciones mediante revisión judicial. De esta manera, honramos la ley habilitadora de la ASG y las facultades delegadas a su Junta Revisora.
>
> A su vez, en vista de que la intención legislativa detrás de la eliminación de la moción de la reconsideración de la Sección 3.19 de la LPAU, supra, se limitó a los procedimientos de licitación pública regulados por la Ley Núm. 73-2019, supra, resolvemos que esta vía procesal permanecerá disponible hasta que la Asamblea Legislativa disponga lo contrario. En específico, decretamos que en situaciones que no estén reguladas por esta ley, como lo son los procedimientos de licitación pública por servicios profesionales, los foros administrativos pertinentes podrán formular reglamentación a los efectos de proveerle la oportunidad de solicitar reconsideración ante sí a toda parte adversamente afectada, dentro de los términos provistos por la Sección 3.19, siempre y cuando su ley habilitadora se lo permita.
>
> Conforme a lo previamente esbozado, en los procedimientos de licitación pública que no sean regulados por la Ley Núm. 73-2019, supra, será defectuosa toda notificación que no advierta a las partes sobre su derecho a presentar: (1) una solicitud de reconsideración ante la agencia cuando así lo disponga su reglamentación aplicable, **dentro del término de diez días calendario**, contados a partir del depósito en el correo federal o la notificación por correo

electrónico de la adjudicación del proceso, lo que ocurra primero; y (2) un recurso de revisión judicial ante el Tribunal de Apelaciones dentro del término jurisdiccional de veinte días calendario, contados a partir de la notificación de la adjudicación de la solicitud de reconsideración ante la agencia o cuando venza el término de esta para acogerla, lo que ocurra primero. Por analogía, los términos para atender la moción de reconsideración serán los mismos que establece la Sección 3.19 de la LPAU,18 supra, para el recurso de revisión administrativa ante la Junta Revisora. 3 LPRA sec. 9659. En el caso de que el foro administrativo no provea para el recurso de reconsideración ante sí, el término jurisdiccional de veinte días calendario para solicitar revisión judicial ante el TA comenzará a cursar a partir del depósito en el correo federal o la notificación por correo electrónico de la adjudicación del proceso de licitación pública, lo que ocurra primero.

Cónsono con lo decretado, el Tribunal Supremo reconoció que la reglamentación del DSPR, a través de la Orden Administrativa núm. OA-581, era inoficiosa por establecer disposiciones de la LPAUG que no estaban en vigor a la presentación del caso. Por ello, en su nota al calce número 17, el Tribunal Supremo expresó que:

En el caso ante nos, el 21 de diciembre de 2023, el DSPR promulgó la Orden Administrativa Núm. OA-581 con el propósito de establecer los procedimientos aplicables a la contratación de servicios profesionales por la cantidad de $150,000 o más en un mismo año fiscal. Mediante esta, dispuso los requisitos de contenido que debía incluir toda notificación de adjudicación en estos procesos, incluyendo lo pertinente al apercibimiento sobre el derecho a revisión, "conforme a lo establecido… en la LPAU". No obstante, esta orden administrativa fue promulgada antes de las enmiendas de la Ley Núm. 48-2024, por lo que el texto de la misma alude estar basada en una versión de la LPAU, supra, que ya no está en vigor, y dispone unos términos incongruentes con la legislación vigente.

De igual forma, la más alta *Curia* recalcó que la referida Orden Administrativa no era de aplicación por citar normas derogadas e, incluso, alentó a la agencia para atemperar su reglamentación al derecho vigente y aplicable. Así, en su nota al calce número 19 expuso que:

Recalcamos que la Orden Administrativa Núm. OA-581 del DSPR no es de aplicación ya que está amparada en una sección de la LPAU que fue derogada y sustituida previo a la adjudicación del RFP ante nuestra consideración. Prospectivamente, el DSPR podrá atemperar su reglamentación al derecho vigente para así proveer la vía de la moción de reconsideración ante

sí, como requisito previo a presentar el recurso de revisión judicial ante el TA.

En armonía con dicho dictamen, el 14 de abril de 2026, el DSPR emitió la Orden Administrativa núm. 2026-637. En esta, el DSPR enmendó y actualizó los términos aplicables "en cumplimiento de la normativa establecida por el Tribunal Supremo." Ello, "para establecer los términos aplicables a la reconsideración administrativa y a la revisión judicial de adjudicaciones de solicitudes de propuestas (RFP)" en los procesos de licitación pública referentes a la contratación de servicios profesionales.

De manera que, mediante esta Orden Administrativa, el DSPR estableció, en su reglamentación interna, que conforme a lo decretado en *RedMane Technology v. Departamento de Salud y D2Sol, Inc., et als.,* supra, el apercibimiento sobre el derecho a recurrir de las determinaciones de adjudicación de un RFP leerá de la siguiente manera:

> La parte adversamente afectada por una determinación final del Departamento de Salud en un proceso de solicitud de propuestas, **podrá presentar una solicitud de revisión administrativa dentro de los diez (10) días calendario**, contados a partir [de la fecha] del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, conforme la Sección 3.19 de la Ley 38-2017, 3 L.P.R.A. § 9659. El Departamento de Salud deberá determinar si acoge o no la solicitud de revisión administrativa, dentro de los diez (10) días calendario de haberse presentado. Si dentro de ese término, el Departamento de Salud determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. El Departamento de Salud podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario. Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, una copia de la notificación de la decisión del Departamento de Salud adjudicando la solicitud de revisión administrativa.
>
> Si el Departamento de Salud dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos aquí dispuestos, se entenderá que este ha sido rechazado de plano, y a

partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial. **La presentación del recurso de revisión administrativa ante el Departamento de Salud será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.** La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante el Departamento de Salud, o a cuando venza el término que tenía el Departamento para determinar si acogía o no la solicitud de revisión administrativa. [Énfasis nuestro]

Según surge del expediente electrónico, esta fue la misma advertencia que se incluyó en la tercera *Notificación de Adjudicación* impugnada. Tanto así, que la propia recurrente, a tenor con dicho apercibimiento, presentó un recurso de revisión en tiempo ante el DSPR conforme con el plazo que se dispone para recurrir de la determinación de adjudicación.

Así pues, habiéndose presentado el **1 de junio de 2026 el** recurso de reconsideración ante la agencia, el DSPR tenía el término de diez (10) días, concedido estatutaria y jurisprudencialmente, para acoger o denegar el mismo, el cual culminaba el **11 de junio posterior**. Por ello, al presentarse el recurso de revisión judicial ante nuestra consideración el **9 de junio**, **previo a culminar dicho plazo**, la agencia aún conservaba la jurisdicción sobre el petitorio reconsideratorio. Recordemos lo especificado en la *Notificación de Adjudicación* recurrida:

> … The **Department of Health** must determine whether or not to accept the request for administrative review within ten (10) calendar days of its filing.
> …
> If the **Department of Health** fails to take any action regarding the administrative review within the time limits established herein, it shall be deemed to have been summarily dismissed, and the time limit for filing a judicial review shall begin to run from that date.

Así, resulta forzoso colegir que estamos ante un recurso presentado prematuramente sobre el que no tenemos jurisdicción. Apuntalamos que es norma reiterada que un recurso prematuro, al

igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, supra, 192; *Rodríguez v. Zegarra*, supra, a la pág. 654. Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso. *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001). Este tribunal no puede conservar o retener un recurso que es prematuro, con el propósito de luego activarlo cuando esté maduro. *Rodríguez v. Zegarra,* supra, a la pág. 654.

**IV.**

Por los fundamentos antes expuestos, declaramos *Ha Lugar* a las mociones de desestimación presentadas por D2Sol y el Departamento de Salud. Así, desestimamos el presente recurso por falta de jurisdicción ante su presentación prematura y; en consecuencia, dejamos sin efecto la paralización de los procedimientos. Se devuelve el caso al DSPR para que continúe con los procedimientos sin necesidad de esperar por el mandato.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA.  LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones